IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BAGLEY, | ) |
| | ) Case No. 2:24-cv-01369 |
| Petitioner, | ) |
| | ) |
| v. | ) Magistrate Judge Kezia O. L. Taylor |
| | ) |
| SHANE DADY, Warden of Allegheny County, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner William Bagley ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 4. For the following reasons, the Petition will be dismissed without prejudice.

### A. Relevant Background[1]

Petitioner, who is proceeding *pro se* in this habeas case, is a state pretrial detainee incarcerated in the Allegheny County Jail. He is awaiting trial in the Court of Common Pleas of Allegheny County ("trial court") at CP-02-CR-0009474-2023 on charges of aggravated assault, persons not to possess a firearm, carrying a firearm without a license and recklessly endangering another person. Petitioner has been denied bail on these charges, and his trial is currently scheduled for April 2, 2025. In the Petition in this case, Petitioner challenges the denial of bail, as well as the right to a speedy trial and the right to the effective assistance of counsel. He also alleges in his Petition that he is being denied mandatory discovery.

### B. Discussion

---

[1] The Court takes judicial notice of the dockets of Petitioner's criminal case, which is the subject of Petitioner's attack herein. They are available at: https://ujsportal.pacourts.us/ (site last visited on January 22, 2025).

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)).

While 28 U.S.C. § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 provides federal courts with jurisdiction to issue a writ of habeas corpus before a state judgment is rendered, but only in very limited circumstances. "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3) (emphasis added). Thus, under this statute, a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pretrial confinement by arguing that he should not be in pretrial custody in the first place because, for example: (1) his upcoming trial violates his rights under the Double Jeopardy Clause, *see, e.g.*, *United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); or, (2) he is being deprived of his constitutional right to a speedy trial, *see, e.g.*, *Braden v. Judicial Cir. Court of Kentucky*, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, *see, e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981). Only Petitioner's claims challenging the denial of bail and the denial of speedy trial

2

are appropriately considered in this action since they challenge the legality of his pretrial confinement.[2]  However, Petitioner did not exhaust his state court remedies with respect to these claims, and pretrial detainees like him must first do so before filing a federal habeas petition. *See Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law…as to claims brought under 28 U.S.C. § 2241.") (citing *Braden*, 410 U.S. at 490-91); *Moore*, 515 F.2d at 442 (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned").

      The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999); *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted).  The Supreme Court has held that a petitioner must have "invoke[d] *one complete round of the State's established appellate review process*[,]" in order to satisfy the exhaustion requirement.  *O'Sullivan*, 526 U.S. at 845 (emphasis added).

---

[2] Petitioner does not reference Pennsylvania's speedy trial rule, Rule 600 of the Pennsylvania Rules of Criminal Procedure.  If he had identified his speedy trial claim by only referencing Rule 600, he would not have stated a cognizable habeas claim, as that would be an alleged violation of state law that is not cognizable in federal habeas proceedings.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

It is Petitioner's burden to show that he exhausted available state remedies. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Ellison v. Rogers*, 484 F.3d 658, 660-62 (3d Cir. 2007); *Coady*, 251 F.3d at 488. A review of the state court dockets for his criminal cases shows that he cannot meet his burden with respect to his claims challenging the denial of bail and the right to a speedy trial. To the extent Petitioner raised such claims in a *pro se* motion that would not satisfy the exhaustion requirement because Pennsylvania law does not permit "hybrid" representation and, therefore, a state court generally will not review on the merits a *pro se* motion submitted by a defendant who is represented by counsel. Pa. R. Crim. Pro. 576; *see also Commonwealth v. Williams*, 241 A.3d 353, 355 (Pa. Super. Ct. 2020); *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1999).

In any event, to properly exhaust a claim challenging the denial of bail, Petitioner had to file a petition for specialized review with the Superior Court of Pennsylvania within 30 days of the date the order was issued. *See* Pa. R.A.P. 1602, 1610; *see also* 20 West's Pa. Prac., Appellate Practice § 312:13 (available on Westlaw, last updated Nov. 2024); 20A West's Pa. Prac., Appellate Practice § 1610.2 (available on Westlaw, last updated Nov. 2024). A review of Petitioner's trial court docket, as well as the dockets for the Superior Court, shows that no appeal was filed. Additionally, to the extent he may have received an adverse decision that is not identifiable on the trial docket, Petitioner has never filed an appeal from the denial of a speedy trial motion, which he was required to do in order to properly exhaust his claim that he has been denied his right to a speedy trial. *See, e.g.*, *Switzer v. Bishop*, No. 1:21-cv-182, 2021 WL 5360497, at *3 (W.D. Pa. Nov. 17, 2021).

4

"Only the most extraordinary circumstances will excuse the exhaustion requirement in the pre-trial context[,]" and "mere assertion of pretrial constitutional claims, even speedy trial claims, generally will not establish extraordinary circumstances, even if there has been a delay of several years." *Molina v. McFadden*, 19-6110, 2020 WL 10141228, at *3 (E.D. Pa. May 1, 2020) (citing *Moore*, 515 F.2d at 443). There is nothing in this case to suggest "extraordinary circumstances" to excuse Petitioner's failure to exhaust. As such, the Petition will be dismissed without prejudice.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not met the requisite showing in this case. Accordingly, a certificate of appealability will be denied. A separate Order will be entered.

Dated: March 17, 2025.

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc: William Bagley
105695
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219

Counsel of record
(Via CM/ECF electronic mail)